# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**JOSE C. NIEVES,**

    **Petitioner,**

    **v.**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**Civil No. 17-1351 (ADC)**
**[Related to Crim. No. 13-396-1 (ADC)]**

## OPINION AND ORDER

On March 13, 2017, José C. Nieves ("petitioner"), through the Federal Public Defender, filed a petition to vacate and correct his sentence under 28 U.S.C. § 2255 in relation to Criminal Case No. 13-396, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). **ECF No. 1**. The United States of America opposed the petition. **ECF No. 4**. For the following reasons, the petition is **DENIED**.[1] **ECF No. 1.**

Petitioner pleaded guilty to one count of carjacking in violation of 18 U.S.C. § 2119(1), and one count of carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). **Crim. No. 13-396, ECF No. 36**. According to the signed plea agreement, on or about June 29, 2013, petitioner took a vehicle at gun point from an individual's person or

---

[1] On April 10, 2017, petitioner requested the Court stay the case pending the outcome of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). **ECF No. 3**. The *Dimaya* decision issued on April 17, 2018, and on August 27, 2018, the Court allotted the parties an additional fifteen days to supplement their filings in light of *Dimaya*. **ECF No. 5**. Neither party submitted supplemental filings.

presence. *Id*. at 10. On February 4, 2015, the Court entered judgment, sentencing petitioner to twenty-four months for the carjacking count and sixty months for the weapons count, to be served consecutively, for a total term of eighty-four months. **Crim. No. 13-396, ECF No. 49.**

Under the weapons statute at issue, section 924(c), there are two alternate definitions of "crime of violence." One is premised on whether the statutory elements of the predicate offense—here, the predicate offense is carjacking—include "the use, attempted use, or threatened use of physical force against the person or property of another." *See* 18 U.S.C. § 924(c)(3)(A). This provision is commonly referred to as the "force clause." The other definition is premised on a case-by-case analysis of whether the predicate offense "involve[d] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id*. § 924(c)(3)(B). This provision is referred to as the "residual clause."

Petitioner asserts a two-pronged argument to claim that there is no statutory basis for his conviction and sixty-month sentence under the weapons statute. **ECF No. 1.** Petitioner argues that because *Johnson* invalidated a statutory provision under the Armed Career Criminal Act ("ACCA"), which was similarly-worded to the residual clause here, the residual clause must also be unconstitutional. *Id*. And, upon finding the residual clause unconstitutional, his weapons conviction remains valid only if his carjacking conviction meets the definition of a "crime of violence" under the force clause, which he contends it does not. *Id*.

The Court first notes that petitioner is not challenging a sentence issued under the ACCA, rendering *Johnson*'s retroactive application, and thus the timing of his habeas petition,

questionable. *See* 28 U.S.C. § 2255(f); **Misc. No. 16-196**. Nonetheless, assuming petitioner's claim is procedurally appropriate, it can be disposed of out of hand.

The First Circuit Court of Appeals has rejected both prongs of petitioner's argument in *United States v. Douglas*, 907 F.3d 1 (1st Cir. 2018) and *United States v. Cruz-Rivera*, 904 F.3d 63 (1st Cir. 2018). In *Douglas* the Court held that the residual clause is not unconstitutionally vague and must be analyzed on a case-by-case basis to ascertain whether the charges at hand meet the residual clause's definition of "crime of violence." 907 F.3d at 4. And, in *Cruz-Rivera*, the Court held that carjacking constitutes a crime of violence under the force clause. 904 F.3d at 66. Where only one of the definitions of "crime of violence"—under either the residual clause or the force clause—need apply to sustain petitioner's weapon conviction, that carjacking categorically meets the force clause's standard ends the inquiry.

Accordingly, the petition for habeas relief is **DENIED. ECF No. 1**. The Clerk of Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 25th day of March, 2019.

                                                           **S/AIDA M. DELGADO-COLÓN**
                                                           **United States District Judge**